# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
| | § | |
| v. | § | |
| | § | Case Number: **14-3106-02-CR-S-MDH** |
| **KENNA M. HARMON** | § | USM Number: **27250-045** |
| | § | **Brian David Risley** |
| | § | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1ss, 2ss, 53ss on 3/17/16 of the Second Superseding Indictment

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 21 USC section 841(a)(1), section 841(b)(1)(A), section 846, and section 851 (Class A Felony)/Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine | 11/27/2014 | 1ss |
| 18 USC section 1956(a)(1)(A)(i) and section 1956(h)(Class C Felony)/Conspiracy to Commit Money Laundering | 11/28/2014 | 2ss |
| 18 USC section 922(g)(1) and section 924(a)(2) (Class C Felony) Possession of a Firearm By a Convicted Felon | 11/27/2014 | 53ss |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ Count(s) 1, 7, 1s, 27s, 15ss, 51ss, 52ss and Forfeiture Allegation 14 are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**May 29, 2018**
Date of Imposition of Judgment

**s/Douglas Harpool**
Signature of Judge

**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**May 30, 2018**
Date

DEFENDANT:       KENNA M. HARMON
CASE NUMBER:     14-3106-02-CR-S-MDH

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

258 months on Count 1ss, 240 months on Count 2ss and 120 months on Count 53ss to run concurrent for a total term of 258 months.

☒ The court makes the following recommendations to the Bureau of Prisons:
  Defendant be designated to an institution for participation in the 500-hour residential substance abuse treatment program and UNICOR.

  Defendant be designated to FMC Carswell or FCI Marianna.

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____  ☐ a.m.  ☐ p.m. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

  Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

DEFENDANT:          KENNA M. HARMON
CASE NUMBER:        14-3106-02-CR-S-MDH

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **10 years on Count 1ss and 3 years on Counts 2ss and 53ss to run concurrent.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT: KENNA M. HARMON
CASE NUMBER: 14-3106-02-CR-S-MDH

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.txnp.uscourts.gov.

Defendant's Signature _____        Date _____

DEFENDANT: KENNA M. HARMON
CASE NUMBER: 14-3106-02-CR-S-MDH

# SPECIAL CONDITIONS OF SUPERVISION

a) Successfully participate in any substance abuse counseling program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office and pay any associated costs as directed by the Probation Office.

b) Successfully participate in any mental health counseling program, as approved by the Probation Office, and pay any associated costs, as directed by the Probation Office.

c) The defendant shall submit her person and any property, house, residence, office, vehicle, papers, computer, other electronic communication or data storage devices or media and effects to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

d) The defendant shall comply with the Western District of Missouri Offender Employment Guideline which may include participation in training, counseling, and/or daily job searching as directed by the probation officer. If not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, the defendant may be required to perform up to 20 hours of community service per week until employed, as approved or directed by the probation officer

# ACKNOWLEDGMENT OF CONDITIONS

I have read or have read the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____    _____
Defendant                                  Date
_____    _____
United States Probation Officer            Date

DEFENDANT: KENNA M. HARMON
CASE NUMBER: 14-3106-02-CR-S-MDH

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $300.00 |  | $.00 | $.00 |

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KENNA M. HARMON
CASE NUMBER: 14-3106-02-CR-S-MDH

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**It is ordered that the Defendant shall pay to the United States a special assessment of $300.00 which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The final order of forfeiture was entered on 5/31/16.
☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

Real property located at 2250 E. 515th Road, Half Way, Polk County, Missouri, with all appurtenances, improvements, and attachments thereon. The legal description of this property is as follows:

Lot C in Way-Forty, a Subdivision in Polk County, Missouri according to the plat recorded in Plat Book 6 at Page 47 of the Polk County Recorder's Office Parcel ID: 89-16-0.5-15-000-000-005.03;

Bracelets seized from Kenna HARMON on or about November 27, 2014;

Approximately $20,000 in United States currency, seized on or about September 4, 2014;

Approximately $37,000 in United States currency, seized on or about December 3, 2014, from Anthony MASSONI;

A 2005 Mazda 6 Sedan, VIN #1YVHP80D255M57560, bearing Missouri registration AH9A7S. The vehicle is titled in the name of Joseph ALLEN, and was seized on or about December 19, 2014; and

All firearms and ammunition involved in the particular aforesaid offenses as set forth above, including but not limited to: a Jennings by Calwestco, model J-22, .22 caliber pistol, serial number 365743 seized from **HARMON** on or about November 27, 2014.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.